**E-FILED on** 12/16/11

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORINA RODRIGUEZ and RIGNALDO RODRIGUEZ, individuals,<br><br>   Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., a business entity, NDex WEST, L.L.C., a business entity, and DOES 1 through 50, inclusive,<br><br>   Defendants. | No. 11-cv-05172 RMW<br><br>ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT, GRANTING MOTION TO STRIKE, GRANTING MOTION TO EXPUNGE LIS PENDENS AND DENYING MOTION TO REMAND<br><br>**[Re Docket Nos. 11, 13, 14, 17]** |

  Plaintiffs Victorina Rodriguez and Rignaldo Rodriguez ("plaintiffs") bring this action for quiet title against defendants Wells Fargo Bank, N.A. ("Wells Fargo") and NDex West, L.L.C. ("NDex"). Wells Fargo moves to dismiss plaintiffs' complaint, to strike plaintiffs' request for punitive damages, and to expunge lis pendens. Plaintiffs move to remand the action to the Santa Clara County Superior Court. For the reasons below, the court (1) converts the motion to dismiss into a motion for summary judgment; (2) GRANTS the motion to strike; (3) DENIES the motion to expunge lis pendens without prejudice; and (4) DENIES the motion to remand.

# I. BACKGROUND

On September 19, 2011, Plaintiffs filed a complaint in Santa Clara County Superior Court asserting a claim for quiet title to residential property in San Jose, California (the "subject property"). Dkt. No. 1, Ex. 1 (Compl.) at 2. The sparsely drafted pleading alleges only that: (1) plaintiffs are the owners of and hold title to the subject property, (2) defendants claim an interest in the subject property and have issued a Notice of Trustee's Sale, and (3) defendants have no valid interest in the subject property. *See id.* ¶¶ 9,10,13. Plaintiffs sought, among other remedies, punitive damages, compensatory damages in the amount of $62,453.41, an injunction preventing defendants from interfering with plaintiffs' possession of the subject property, and a determination of title in plaintiffs' favor. *See id.* at 3.

On October 21, 2011, Wells Fargo removed the action to this court on diversity grounds. *See* Dkt. No. 1 (Notice of Removal). On November 10, 2011, Wells Fargo filed the above-mentioned motions. Wells Fargo also requested that the court take judicial notice of materials related to its purported interest in the subject property. These materials include: (1) the Certificate of Corporate Existence of World Savings Bank, FSB, issued by the Office of Thrift Supervision ("OTS") on April 21, 2006; (2) a Deed of Trust granting a security interest in the subject property to World Savings Bank, FSB, dated August 23, 2007; (3) a letter on OTS letterhead authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB, dated November 19, 2007; (4) the Official Certification of the Comptroller of the Currency ("OCC") stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; (5) a Notice of Default and Election to Sell the subject property, dated March 9, 2010; (6) a Notice of Trustee's Sale, dated August 29, 2011; and (7) a Notice of Pendency of Action ("Lis Pendens"), recorded on August 31, 2011. *See* Dkt. No. 12 (RJN), Exs. A, B, C, E, G, H and I.

Wells Fargo argues that these documents "conclusively establish" that it has a security interest in the subject property. Dkt. No. 13 at 3. Wells Fargo also contends that the materials show that plaintiffs' claim for quiet title is meritless because plaintiffs have not alleged that they have

satisfied their obligations under the Deed of Trust. *Id*. at 2. Plaintiffs, however, dispute the "authenticity" of the documents and the validity of Wells Fargo's property interest. Dkt. No. 29 at 2. In essence, plaintiffs argue that Wells Fargo is not the current beneficiary under the Deed of Trust, and therefore lacks standing to foreclose on the subject property.

On November, 18, 2011, plaintiffs moved to remand this action back to Santa Clara County Superior Court, and asked the court the postpone ruling on the substantive motions pending a determination of whether this action "belong[s] in federal court." Dkt. No. 29 at 2.

## II. DISCUSSION

**A. Judicial Notice**

In considering a motion to dismiss, courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). "Facts are indisputable, and thus subject to judicial notice, only if they are either 'generally known' under Rule 201(b)(1) or 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned' under Rule 201(b)(2)." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

Wells Fargo argues that the Deed of Trust, Notice of Default, Notice of Trustee's Sale and Lis Pendens are judicially noticeable because they are "true and correct copies of Official Records of the Santa Clara County Recorder." Dkt. No. 12 at 2. It is well established that courts may take judicial notice of publicly recorded documents, including deeds of trust and court filings. *See, e.g.*, *Western Federal Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of various deeds of trust and a state court foreclosure action file). The court therefore grants Wells Fargo's request for judicial notice as to these materials.

Wells Fargo also maintains that the documents establishing the conversion of World Savings Bank, FSB into a division of Wells Fargo are noticeable as "documents reflecting official acts of the executive branch of the United States." Dkt. No. 12 at 3. However, Wells Fargo does not contend that such documents are publicly recorded or otherwise "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid.

ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT, GRANTING MOTION TO STRIKE, GRANTING MOTION TO EXPUNGE LIS PENDENS AND DENYING MOTION TO REMAND
No. 11-cv-05172 RMW
EDM       3

201(b). While Wells Fargo cites other district court cases taking judicial notice of the same or similar materials, none of those cases involved an objection by the plaintiff. *See Hite v. Wachovia Mortgage*, No. 09-cv-02884, 2010 U.S. Dist. LEXIS 57732, at *7 (E.D. Cal. June 10, 2010) (taking notice of documents demonstrating World Savings Bank, FSB's conversion into a division of Wells Fargo where request for judicial notice was unopposed); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670, 2008 U.S. Dist. LEXIS 69542, at *17-19 (N.D. Cal. Sept. 8, 2008) (taking judicial notice of information appearing on official government websites and a letter from defendant's counsel "to the extent it is unopposed"). Furthermore, Wells Fargo did not attach an affidavit certifying the authenticity of the documents or argue that such materials are self-authenticating. *Compare Justman v. Imperial County Sheriff-Coroner's Office*, No. 97-55079, 1997 U.S. App. LEXIS 23303 (9th Cir. Sept. 4, 1997) (noting that a declaration submitted under penalty of perjury stating that an attached document is a "true and correct copy" is sufficient to authenticate the document). The court therefore declines to take judicial notice of the documents purporting to show the relationship between World Savings Bank, FSB and Wells Fargo at this time.

**B. Subject Matter Jurisdiction**

Plaintiffs argue that removal of this action on diversity grounds was improper because the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $ 75,000"). Plaintiffs claim that because the total amount of damages requested in the complaint is $62,453.41, "this case does not belong in federal court." Dkt. No. 29 at 2. As plaintiffs' contention calls into question the court's subject matter jurisdiction, the court will address this issue before considering the substantive motions.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, the amount in controversy may be the original loan amount, the outstanding balance at the time the sale is contemplated, or the market value of the

property. *See Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973); *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010); *Cabriales v. Aurora Loan Servs.*, No. C 10-161, 2010 U.S. Dist. LEXIS 24726, at *12-13 (N.D. Cal. Mar. 2, 2010). Similarly, where a plaintiff seeks to quiet title against a bank that claims to hold an interest in the subject property, at least one court in this circuit has found that the amount in controversy is the "full value of the loan." *Craver v. National City Bank*, No. CIV S-09-1276, 2009 U.S. Dist. LEXIS 98333, *3 (E.D. Cal. Oct. 22, 2009).

Here, Wells Fargo has submitted judicially noticeable evidence that the amount of the loan secured by the subject property was $506,260.00, and the outstanding balance at the time of the Notice of Trustee's Sale was $605,166.63. *See* Dkt. No. 12, Ex. A (Deed of Trust); Ex. H (Notice of Trustee's Sale). However, plaintiffs argue that because "they do not seek to invalidate the deed of trust or obtain their home for free," the amount in controversy should be determined solely by their prayer for damages. Dkt. No. 29 at 2. The court disagrees. While plaintiffs do not expressly seek to invalidate the deed of trust, the complaint requests that the court enjoin the foreclosure sale and determine title in plaintiffs' favor against Wells Fargo. *See* Compl. at 3. It is thus clear that "the whole purpose of this action is to foreclose the Bank from selling this property in the manner contemplated." *Garfinkle*, 483 F.2d at 1076.

The court therefore finds Wells Fargo has met its burden to show that the amount in controversy exceeds $75,000 and DENIES plaintiffs' motion to remand this action to state court. In addition, because Wells Fargo clearly had an objectively reasonable basis for seeking removal, the court DENIES plaintiff's request for attorney's fees under 28 U.S.C § 1447(c).

**C. Motion to Dismiss**

"When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *Ritchie*, 342 F.3d at 908; Fed. R. Civ. P. 12(d).

Wells Fargo's motion to dismiss is based primarily on the argument that plaintiffs have failed to plead a tender of their debt obligations under the Deed of Trust. However, the cases cited by Wells Fargo hold that dismissal of plaintiffs' claims on such grounds is required only if Wells Fargo is the valid beneficiary under the Deed of Trust. *See, e.g.*, *Shimpones v. Stickney*, 219 Cal. 637, 649 (Cal. 1934) ("[A] mortgagor cannot quiet his title *against the mortgagee* without paying the debt secured.") (emphasis added). Given Wells Fargo's heavy reliance on materials outside the pleadings to demonstrate that it has an interest in the subject property, it is appropriate for the court to convert the motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Under that provision, the parties must be given a "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Plaintiffs may therefore file a response to the motion within thirty days of the date of this order. Within the same time frame, Wells Fargo may also submit additional evidence intended to authenticate the challenged documents and establish the validity of its property interest.

**D. Motion to Expunge Lis Pendens**

"A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." *Federal Deposit Ins. Corp. v. Charlton*, 17 Cal.App.4th 1066, 1069 (Cal. Ct. App. 1993) (citing Cal. Code Civ. Proc. §§ 405.2, 405.4, 405.20). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." *BGJ Associates, LLC v. Superior Court of Los Angeles*, 75 Cal.App.4th 952, 967 (Cal. Ct. App. 1999). A lis pendens is a provisional remedy which should be applied narrowly. *Id.*

A court must expunge a lis pendens upon a finding that the claimant failed to establish by a preponderance of the evidence the probable validity of the real property claim. Cal Code Civ. Proc. § 405.32. "It is the party who opposes the expungement of a notice of lis pendens, rather than the party seeking expungement, who bears the burden of proof at the expungement hearing."

*Malcolm v. Superior Court*, 29 Cal. 3d 518, 525-26 (Cal. 1981)

Although the court postpones a final determination of the parties' rights under the Deed of Trust until there has been an opportunity to submit further evidence, the court finds that plaintiffs have failed to meet their burden of proving the "probable validity" of their real property claim. Cal Code Civ. Proc. § 405.32. Plaintiffs have not pled a tender of their debt obligations, and judicially noticeable evidence suggests that they defaulted on their loan. Further, the court is not persuaded by the unsubstantiated, conclusory challenge to the authenticity of Wells Fargo's chain of title documents that plaintiffs are more likely than not to prevail in showing that Wells Fargo is not the proper beneficiary under the Deed of Trust. *See Wolf v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 114331, 6-7 (N.D. Cal. Oct. 4, 2011) ("Probable validity 'means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim.' ") (citing Cal. Code Civ. Proc. § 405.3). Accordingly, the court GRANTS the motion to expunge lis pendens.

Because Wells Fargo has prevailed on its expungement motion, it is entitled to reasonable attorney's fees and costs "unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Civ. Proc. Code § 405.38. On the record before the court, plaintiffs' claim does not fall within the exception provided by section 405.38. *Compare Cruz v. Wachovia Mortg.*, 775 F. Supp. 2d 1188, 1191 (C.D. Cal. 2011) (attorney's fees award not justified where underlying allegations of lender abuse and non-disclosure by defendant were "never ... disproved" but were dismissed due to a technicality). Accordingly, the court GRANTS Wells Fargo's motion for reasonable attorney's fees and costs.

**E. Motion to Strike**

Under Fed. R. Civ. P. 12(f), a court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants request that this order strike plaintiffs' "prayer" for punitive damages on the grounds that plaintiffs have not satisfied the requirements of California Civil Code section 3294.

California law permits punitive damages to be awarded only where "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). A corporate employer is not liable for punitive damages based on the actions of a corporate employee unless a corporate official "authorized or ratified the wrongful conduct." Cal. Civ. Code § 3294(b).

Here, the complaint contains no facts supporting a claim that defendants have been guilty of oppression, fraud, or malice, let alone that any Wells Fargo official authorized or ratified such conduct. Indeed, apart from the assertion that Wells Fargo recorded a Notice of Trustee's Sale, the complaint includes no factual allegations whatsoever regarding Wells Fargo's actions. Accordingly, the court GRANTS the motion to strike plaintiffs' claim for punitive damages.

### III. ORDER

For the foregoing reasons the court (1) converts the motion to dismiss into a motion for summary judgment; (2) GRANTS the motion to strike; (3) DENIES the motion to expunge lis pendens WITHOUT PREJUDICE; and (4) DENIES the motion to remand. Plaintiffs have thirty days from the date of this order to respond to the converted motion for summary judgment. During that time, Wells Fargo may submit additional evidence intended to authenticate the documents submitted as part of its Request for Judicial Notice.

DATED: 12/16/11

Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT, GRANTING MOTION TO STRIKE, GRANTING MOTION TO EXPUNGE LIS PENDENS AND DENYING MOTION TO REMAND
No. 11-cv-05172 RMW
EDM    8