IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORINA RODRIGUEZ and RIGNALDO RODRIGUEZ, individuals,<br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a business entity, NDex WEST, L.L.C., a business entity, and DOES 1 through 50, inclusive,<br>Defendants. | No. 11-cv-05172 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 13]** |

Plaintiffs Victorina Rodriguez and Rignaldo Rodriguez ("plaintiffs") bring this action for quiet title against defendants Wells Fargo Bank, N.A. ("Wells Fargo") and NDex West, L.L.C. ("Ndex"). On November 10, 2011, Wells Fargo filed a motion to dismiss plaintiffs' complaint, which the court converted into a motion for summary judgment. For the reasons below, the court now grants the motion for summary judgment on behalf of defendants.

## I. BACKGROUND

On September 19, 2011, plaintiffs filed a complaint in Santa Clara County Superior

1  Court asserting a claim for quiet title to residential property in San Jose, California (the "subject
2  property"). Dkt. No. 1, Ex. 1 (Compl.) at 2. The sparsely drafted pleading alleges only that: (1)
3  plaintiffs are the owners of and hold title to the subject property, (2) defendants claim an interest
4  in the subject property and have issued a Notice of Trustee's Sale, and (3) defendants' interest in
5  the subject property is not valid. *See id.* ¶¶ 9,10,13. Plaintiffs seek, among other remedies,
6  punitive damages, compensatory damages in the amount of $62,453.41, an injunction preventing
7  defendants from interfering with plaintiffs' possession of the subject property, and a
8  determination of title in plaintiffs' favor. *See id.* at 3.

9  On October 21, 2011, Wells Fargo removed the action to this court on diversity grounds.
10 *See* Dkt. No. 1 (Notice of Removal). On November 10, 2011, Wells Fargo moved to dismiss the
11 complaint, arguing that plaintiffs had failed to plead a tender of their debt obligations under the
12 Deed of Trust. It also requested the court take judicial notice of exhibits (A)-(I) attached to Dkt.
13 No. 12. Wells Fargo argued that these documents "conclusively establish" that it has a security
14 interest in the subject property. Dkt. No. 13 at 3. Because of Wells Fargo's heavy reliance on
15 documents outside the pleadings, the court converted the motion to dismiss into a motion for
16 summary judgment, and gave both parties thirty days to file additional briefing or evidence. *See*
17 Dkt. No. 30.

18 On January 10, 2012, Wells Fargo submitted additional documents intended to establish
19 its interest in the subject property. *See* Dkt. No. 32. These materials include: (1) the declaration
20 of Michael Dolan, Operations Analyst–Loss Mitigation Dept. for Wachovia Mortgage, a division
21 of Wells Fargo Bank, N.A., indicating under penalty of perjury that the attached documents are
22 true and correct copies; (2) an Adjustable Rate Mortgage Note signed by plaintiffs, dated August
23 23, 2007; (3) a Deed of Trust granting a security interest in the subject property to World
24 Savings Bank, FSB, dated August 23, 2007; (4)  a letter on Office of Thrift Supervision ("OTS")
25 letterhead authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage,
26 FSB, dated November 19, 2007; (5) a Seal of Charter No. 7971 of Wachovia Mortgage, FSB,
27 dated March 16, 2009; and (6) the Official Certification of the Comptroller of the Currency

28

1  ("OCC") stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells
2  Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. *See* Dkt.
3  No. 32 (RJN), Exs. 1, 2, 3, 4, 5, and 6. Plaintiffs filed no additional evidence or briefing in
4  opposition.

## II. DISCUSSION

### A.   Motion for Summary Judgment

An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein. Cal. Code Civ Proc. § 760.020. A pleading seeking to quiet title must include: (1) a description of the property in question; (2) the basis for the plaintiff's title; and (3) the adverse claims to plaintiff's title. Cal. Code Civ. Proc. § 761.020; *Kelley v. Mortgage Elec. Reg. Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). A basic requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Id*. "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Watson v. MTC Financial, Inc.*, No. 2:09-CV-01012 JAM-KJM, 2009 U.S. Dist. LEXIS 63997, *11 (E.D. Cal. Jan. 27, 2009) (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (Cal. 1934)).

In this case, defendants have submitted competent evidence establishing that plaintiffs failed to meet their obligations under the Deed of Trust. On August 23, 2007, plaintiffs borrowed $506,250.00 from World Savings Bank, FSB. *See* Dkt. No. 32, Ex. 1. This court has already taken judicial notice of the fact that a Notice of Default was issued on March 9, 2010. *See* Dkt. No. 30. Moreover, the signed declaration of Michael Dolan indicates that plaintiffs defaulted on their loan in June of 2009. *See* Dkt. No. 32. As plaintiffs have submitted no evidence demonstrating that they have made their mortgage payments, the court finds that they have failed to pay the debt secured, and thus cannot quiet title against the mortgagee. *See, e.g.*, *Kelley*, 642 F. Supp. 2d at 1057.

Wells Fargo has also shown it is the valid beneficiary under the Deed of Trust. The assets held by World Savings Bank, including the Deed of Trust to the subject property, passed to

1  Wachovia Mortgage and then to Wells Fargo, N.A. when the company changed its name. *See*
2  Dkt. No. 32, Ex. (3)-(6); *see also Hite v. Wachovia Mortgage*, No. 09-02884, 2010 U.S. Dist.
3  LEXIS 57732, at *6-7 (E.D. Cal. June 10, 2010) (noting the name change from World Savings to
4  Wells Fargo, N.A.). Michael Dolan's declaration similarly charts World Savings' name change to
5  Wachovia Mortgage and subsequent merger to become a division of Wells Fargo Bank, N.A. *See*
6  Dkt. No. 32. Both the Note and the Deed of Trust signed by plaintiffs acknowledged that the
7  Lender could appoint a successor. *See* Dkt. No. 32 Ex. 1-2. Again, as plaintiffs' have submitted
8  no evidence challenging chain of title, the documents and statements submitted establish Wells
9  Fargo as the rightful beneficiary under the Deed of Trust. *See* Dkt. No. 32.

10  Defendants have thus met their burden of showing there is no genuine issue of material
11 fact regarding their interest in the subject property, and that they are entitled to judgment on
12 plaintiffs claim for quiet title as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322
13 (1986). Accordingly, the court grants summary judgment in favor of defendant. The clerk shall
14 close the file.

### III.  ORDER

For the foregoing reasons the court grants the motion for summary judgment on behalf of defendants.

DATED:      March 7, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
No. 11-cv-05172 RMW